UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| EVELYN SEVERIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 2:20-cv-03582-DCN |
| ) | |
| STOBA USA CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Pursuant to Sections 207(a) and 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendants and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1367 and by 29 U.S.C. §§207(a), 216(b).

2. Defendant Stoba USA Corporation. ("Stoba") is a foreign corporation that owns and operates a business located at 2301 Charleston Regional Pkwy Charleston, SC, 29492. Its registered agent for service of process is Peter Hill.

3. Otto Stadler ("Stadler") is the former General Manager of Stoba, and he had operational control of the company at the time the events that led to this complaint arose. Stadler regularly exercised the authority to hire and fire employees, to determine the work schedules of employees, to set the rate of pay of employees, and to control the finances and operations of the business. Peter Hill is, upon information and belief, the new General Manager with the same rights, privileges, and control formerly exercised by Stadler.

4. Defendant directly or indirectly acted in the interest of an employer towards

Plaintiff, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

5. At all times material hereto, Plaintiff was performing her duties for the benefit of and on behalf of Defendant.

6. This cause of action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiff.

7. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendant. Plaintiff kept contemporaneous written records of the time she worked, and those records are in the possession of Plaintiff.

8. The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendant.

9. Defendant Stoba manufactures automobile parts and materials at its location in Charleston, South Carolina.

10. Plaintiff was employed, formally, by Stoba as an "Office Administrator" from June 2018 through May 30, 2019. She began her work with Stoba in a different position through a staffing agency as an hourly employee and was moved into the "Office Administrator" position after Stoba management learned of her accounting skill set. Plaintiff was offered a full time, salaried position in June of 2018, and the amount of her salary was increased in November of 2018.

11. After accepting the position, Plaintiff routinely worked overtime hours of more than 40 per workweek for which she was not paid overtime compensation of one and one-half times her regular rate of pay.

2

12. Rather than pay Plaintiff overtime compensation, Defendant paid Plaintiff a yearly salary of $43,000 that did not increase regardless of how many hours she worked each work week. Defendant wrongfully and unlawfully classified Plaintiff as an employee exempt from the overtime pay requirements of 29 U.S.C. § 207(a).

13. Stadler was Plaintiff's supervisor, and he made the decisions about the manner in which Plaintiff was compensated.

14. In November of 2018, in recognition of her performance and acceptance of additional accounting responsibilities, Defendant offered Plaintiff the position of "Executive Administrative Assistant" and increased Plaintiff's compensation by changing her salary from $43,000 a year to $56,000 per year, to be paid monthly at a rate of $4,666.67. Plaintiff was compensated at this salary rate until the end of her employment with Stoba, regardless of how many hours she worked in each workweek and despite regularly working more than 40 hours per workweek.

15. Pursuant to the parties' agreement, Plaintiff earned a salary during the months of June 2018 to May of 2019 and Defendant classified Plaintiff as an employee exempt from overtime compensation. However, Defendant wrongfully and unlawfully classified Plaintiff as exempt from overtime compensation. As "Office Administrator" and as "Executive Administrative Assistant," Plaintiff was, in fact, not employed in a *bona fide* executive, administrative, or professional capacity so as to make her exempt from overtime pay pursuant to 29 U.S.C. § 213(a).

16. Plaintiff performed duties which included clerical work and routine bookkeeping, assisting with the administration of the office, and assisting with the production of invoices. The Plaintiff's primary duties did not require the performance of office or non-manual work directly

related to the management or general business operations of Defendant or the exercise of discretion and independent judgment with respect to matters of significance of the company. The Plaintiff's primary duties did not involve the performance of work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. The Plaintiff did not supervise any other employees, did not implement management policies or operating practices, and did not have the authority to waive or deviate from established policies and procedures without prior approval from her supervisor.

17. Defendant failed to pay Plaintiff the lawful amount required by the FLSA.

## Count 1—Violations of Fair Labor Standards Act

18. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-17 above.

19. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

20. Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

21. While employed by Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

22. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant has annual gross volume of sales which exceed $500,000.00.

23. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

24. Plaintiff was entitled to overtime wages at a rate of one and one-half times her

regular rate of pay for all hours worked over 40 in a given workweek.

25. Defendant's failure to pay Plaintiff overtime wages of one and one-half times her regular rate of pay for all overtime hours is a violation of Section 207(a)(1) of the FLSA.

26. As a result of Defendant's violation of Section 207 of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

27. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

28. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

29. Defendant's violations of Section 207 of the FLSA were willful.  Specifically, Defendant was well aware of its obligation to pay Plaintiff overtime wages pursuant to the FLSA, or recklessly disregarded their legal obligation.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment for damages against Defendant that includes the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to her overtime back pay;

(c)  interest;

(d) reasonable attorney's fees;

(e) the costs and expenses of this action; and

(f) all further general legal and equitable relief to which he may be entitled.

                                    Respectfully submitted,

                                    /s/ Timothy O'Neill Lewis
                                    Allan R. Holmes (ID#1925)
                                    Timothy O. Lewis (ID# 9864)
                                    Gibbs & Holmes
                                    171 Church Street, Suite 110
                                    P.O. Box 938
                                    Charleston, South Carolina 29401
                                    843-722-0033 (telephone)
                                    843-722-0114 (facsimile)
                                    timolewis@gibbs-holmes.com

Charleston, SC
October 12, 2020                          ATTORNEYS FOR PLAINTIFF